IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAURIE ANN SALAS, as Executrix of** the Estate of **DIANE M. BLUM,** Deceased,      *Plaintiff,* | : : : : : : | CIVIL ACTION |
| v. | : : : : : | No.    22-2179 |
| **NANCY GOLDENBERG, M.D.,**      *Defendant.* | : : | |

**MEMORANDUM**

**KENNEY, J.**                                                            **December 20, 2023**

  Plaintiff Laurie Ann Salas, Executrix of the Estate of Diane M. Blum, reached a settlement with Defendant Nancy Goldenberg, M.D., to resolve this case which was brought pursuant to Pennsylvania's Wrongful Death and Survival Statutes, 42 Pa. C.S. §§ 8301, 8302. Presently before the Court is Plaintiff's Petition for Leave to Settle Wrongful Death Action (ECF No. 46). For the reasons that follow, the Petition (ECF No. 46) will be approved. An appropriate Order will follow.

**I.      BACKGROUND**

  On June 3, 2022, Plaintiff, the daughter of Ms. Blum, instituted this action on behalf of her mother's estate, alleging medical professional negligence involving the delayed diagnosis and treatment of Ms. Blum's metastatic breast cancer, which ultimately led to Ms. Blum's death on December 16, 2021. ECF No. 26 ¶¶ 1–3; ECF No. 46 ¶ 3. The case proceeded through discovery. Then, in October 2023, Plaintiff filed a stipulation of dismissal as to all Defendants but Nancy Goldenberg, M.D. *See* ECF Nos. 43, 44. In November 2023, Plaintiff reached a settlement with the remaining Defendant, Nancy Goldenberg, M.D., wherein Defendant will pay $1,000,000 to settle the claims. Accordingly, Plaintiff filed the present Petition for Leave to Settle Wrongful

1

Death Action. ECF No. 46. As detailed in the Petition, the settlement proceeds are to be distributed as follows: Plaintiff's counsel seeks $61,169.79 for costs and $347,367.18 for fees; $104,756.35 of the proceeds shall pay off a Medicare lien; and the remaining balance of $486,706.68 shall be distributed equally between Ms. Blum's beneficiaries, Plaintiff and Margery Baxter. *Id.*

## II. DISCUSSION

Section 3323 of Pennsylvania's Decedents, Estates, and Fiduciaries Code requires court approval of any settlement involving claims brought on behalf of an estate. *See* 20 Pa. C.S. § 3323(b)(1). Section 3323 further allows the Court to review and "approve an agreement for the payment of counsel fees and other proper expenses." *Id.* The requirement of judicial approval "is intended to protect the estate, as well as the creditors and beneficiaries thereof." *Moore v. Gates*, 580 A.2d 1138, 1141 (Pa. Super. Ct. 1990).

"Courts typically afford 'considerable weight' to the judgment of counsel and the parties in determining the 'fair value of the lawsuit.'" *Matter of McLean Contracting*, No. 14-cv-5676, 2017 WL 2618855, at *1 (E.D. Pa. June 16, 2017) (quoting *Calvert v. Gen. Acc. Ins. Co.*, No. 99-cv-3599, 2000 WL 124570, at *6 (E.D. Pa. Feb. 2, 2000)). In this case, the Court has no reason to second guess counsel's valuation of the case. Counsel for both parties participated in settlement negotiations in good faith in front of Magistrate Judge Lynne A. Sitarski before ultimately settling the action themselves. With regard to the Wrongful Death Action proceeds, the only beneficiaries are Ms. Blum's daughters, Plaintiff Laurie Salas and Margery Baxter. ECF No. 46 ¶ 12. The Pennsylvania Department of Revenue has approved the allocation. *Id.* ¶ 19. Because "there is nothing inherently suspect or improper about a settlement allocation favoring wrongful death beneficiaries," this Court finds the proposed settlement amount and allocation reasonable. *Tamasy v. Yough School District*, No. 18-cv-1236, 2019 WL 5864893, at *2 (W.D. Pa. Nov. 8, 2019).

"When addressing the reasonableness of attorney's fees, 'courts should [also] be reluctant to disturb contingent fee arrangements freely entered into by knowledgeable and competent parties.'" *Carter v. Wellpath LLC*, No. 22-cv-1050, 2023 WL 6323095, at *2 (E.D. Pa. Sept. 28, 2023) (quoting *Ryan v. Butera, Beausang, Cohen & Brennan*, 193 F.3d 210, 215 (3d Cir. 1999)). Under the contingent fee agreement, Plaintiff's counsel is entitled to 40% of the gross settlement amount as legal fees, in addition to costs. ECF No. 46 at Ex. E. "[Plaintiff's] counsel took on risk in pursuing this case for which [they] should be rewarded." *Carter*, 2023 WL 6323095, at *2. This Court therefore concludes that the fees and costs are reasonable under the circumstances.

### III. CONCLUSION

For the foregoing reasons, the Court will approve the proposed settlement agreement and request for attorney's fees. An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**